UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                           Index No.:     09-CV- 2990 (Seybert)


                    Plaintiff,

          -against-

BARRY COHAN, DENTAL HEALTH
CARE, P.C., NEW YORK DENTAL
PAIN, P.C., LONG ISLAND DENTAL
PAIN, P.C.

                    Defendants.
_____

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE DEFAULT

*Matthew J. Conroy and Associates, P.C.*
*350 Old Country Road – Suite 106*
*Garden City, New York 11530*

## **TABLE OF CONTENTS**

Procedural Background…………………………………………………………........4

Standard of Review………………………………………………………………..….5

Argument…………………………………………………………………………….5

Conclusion……………………………………………………………………………7

## **TABLE OF AUTHORITIES**

| *Cases* | *Page* |
|---|---|
| *Brien v. Kullman Indus.*, 71 F.3d 1073, 1077 (2d Cir. 1995) | 3 |
| *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-6 (2d Cir. 1993) | 3 |
| *Mathon v. Marine Midland Bank, NA*, 875 F.Supp. 986, 992 (EDNY 1995) | 3 |
| *Richardson v. Nassau County*, 184 F.R.D. 497, 501 (EDNY 1999) | 3 |
| *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) | 3 |

**PROCEDURAL BACKGROUND**

This action was commenced by the filing of a Summons and Complaint on July 13, 2009. Plaintiff's Comlaint alleges Common law fraud, unjust enrichment, substantive civil rico violations and seeks a declaratory judgment to the effect that the PC Defendants are not eligible for reimbursement under the no-fault laws, rules and regulations of New York.  The defendants are Barry Cohan, DDS, a New York dentist and 3 professional corporations owned and operated by Dr. Cohan.

Plaintiffs filed Motions for Default Judgments on August 11, 2009 and certificates of default were entered by the Clerk on August 12, 2009.  On December 30, 2009 Magistrate Wall issues a Report and Recommendation on the Motion to Dismiss.

## STANDARD OF REVIEW

Rule 55(c) authorizes the District Court to set aside the entry of default for good cause shown. Good cause is has been labeled as a mutable and liberal standard.

The five criteria for setting aside a default are:

1. No willful conduct by the defaulting party;

2. Prompt action to cure;

3. Existence of a meritorious defense;

4. Absence of prejudice to the opponent;

5. Whether the default resulted from a good faith mistake;

6. The nature of the explanation for the default;

7. The amount in controversy;

8. The availability for alternative sanctions; and

9. Whether the default would produce a harsh or unfair result.

See *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *Mathon v. Marine Midland Bank, NA*, 875 F.Supp. 986, 992 (EDNY 1995); *Richardson v. Nassau County*, 184 F.R.D. 497, 501 (EDNY 1999); *Brien v. Kullman Indus*., 71 F.3d 1073, 1077 (2d Cir. 1995).

It is well settled that the Court disfavors deciding litigious controversies based on procedural mechanics and favors decisions based on the merits of the case. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-6 (2d Cir. 1993).

## ARGUMENT

The affidavit and declaration attached to the moving papers demonstrates that there was no willful conduct by the Defendants in this matter, to the contrary, the Defendants were mislead

5

into a false sense of security that either (1) there would be an extension of tiome to answer or otherwise move and (2) once the default was entered that it would be voluntarily removed by the plaintiff.

The Defendants ultimately filed an appearance in this matter and moved within a week of the Magistrates Report and Recommendation.

The affidavit of the Defendants owner establishes his belief that all medical/dental treatments were necessary and appropriately billed. In addition, the fact that the principal witness of the plaintiff has been indicted on insurance fraud charges casts a light of doubt as to the veracity of the affidavit submitted by Dr. Frankel ion behalf of the plaintiff.

There in no prejudice to the Plaintiff by vacating the default. The short period that has passed cannot reasonably have resulted in diminished memories or destroyed documents or the unavailability of witnesses.

The confusion and mistake in counsel's dealings at the neginning of this case strongly suggest that the Court should vacate this default as the parties contentiously seek to resolve the factual and legal disputes on actual litigation. The prejudice and harm to the defendants is substantial considering the available defenses, the lack of process in adjudicating the merits of the Plaintiff's claims and the amount of damages in excess of $3,000,000.00.

Clearly the imposition of a judgment in the amount of $3,500,000.00 would represent an unfair result and a harsh result to the defendants. This amount represents 3 times the amount of every dollar that the Plaintiff ever paid to the defendants.

## CONCLUSION

Wherefore, the Defendants respectfully pray that the Court denies the Application of the Plaintiffs in its entirety and grant such other and further relief as it deems appropriate.

Respectfully submitted,

The Defendants

By their counsel,

/s/ Matthew J. Conroy
_____
Matthew J. Conroy, Esq.
MATTHEW J. CONROY & ASSOCIATES, P.C.
350 Old Country Road – Suite 106
Garden City, NY 11530
(516) 248-2425

Dated: January 05, 2008

## CERTIFICATE OF SERVICE

I, Matthew J. Conroy do hereby certify that a true and accurate copy of the foregoing was served upon all counsel of record by ECF and by US Mail, 1st Class, postage prepaid this 6th day of January 2010.

/s/ Matthew J. Conroy
_____
Matthew J. Conroy

## CERTIFICATE OF SERVICE

I, Matthew J. Conroy do hereby certify that a true and accurate copy of the foregoing was served upon counsel of record by ECF and by United States Mail 1st Class postage prepaid this 5th day of January 2010.

_____

Matthew J. Conroy