```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Plaintiff,           MEMORANDUM & ORDER
                                         09-CV-2990 (JS)
        -against-

BARRY COHAN, D.D.S., DENTAL HEALTH
CARE, P.C., NEW YORK DENTAL PAIN, P.C.,
and LONG ISLAND DENTAL PAIN, P.C.,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Barry I. Levy, Esq.
                    Max Saulter Gershenoff, Esq.
                    Michael A. Sirignano, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, NY 11556-0926

For Defendants:     Matthew J. Conroy, Esq.
                    Maria Campese Diglio, Esq.
                    Matthew J. Conroy & Associates, P.C.
                    350 Old Country Road, Suite 106
                    Garden City, NY 11530
```

SEYBERT, District Judge:

Plaintiff State Farm Mutual Insurance Company ("State Farm") sued Barry Cohan, D.D.S., and three professional corporations he controls (collectively, the "Corporate Defendants"), alleging that the Defendants defrauded State Farm by submitting hundreds of bills for medically useless dental and physical therapy services. After Defendants failed to respond to the Complaint, State Farm moved for a default judgment. The Court referred this motion to Magistrate Judge William D. Wall,

who issued his Report and Recommendation ("R&R") on December 30, 2009. Magistrate Judge Wall recommended that the Court award Plaintiff a default judgment on all their claims, except for the RICO claims brought against the Corporate Defendants.

Pending before the Court are: (1) Defendants' motion to vacate the default judgment; and (2) Plaintiff's limited objections to Magistrate Judge Wall's R&R. For the foregoing reasons, Defendants' motion is denied, and Plaintiff's objections are OVERRULED. Magistrate Judge Wall's R&R is, accordingly, adopted in its entirety.

## BACKGROUND

On July 13, 2009, Plaintiff commenced this action by filing its Complaint. On July 24, Plaintiff's counsel spoke with Mr. Cohan and Defendants' counsel to discuss settlement, but the parties did not reach any agreement. Cohan Nov. 6, 2009 Aff. ¶ 4. Supposedly in light of this settlement discussion, Defendants did not move, answer or otherwise respond to the Complaint. Nor did they seek any extension of time to enable them to move, answer or otherwise respond at a later date.

On August 11, 2009, Plaintiff moved for a default judgment against each Defendant. On August 12, the Clerk of the Court noted Defendants' default. Defendants still did not move, answer or otherwise respond to the Complaint. On September 30, 2009, the Court referred Plaintiff's motion to Magistrate Judge

2

Wall. On October 30, 2009, Plaintiff filed a memorandum of law in support of its pending default judgment motions.

On November 13, 2009, Defendants' counsel filed a notice of appearance and the Corporate Defendants filed Local Rule 7.1 disclosure statements. But, despite appearing, Defendants still did not answer, move or otherwise respond to the Complaint. Nor did they file any paperwork in response to Plaintiff's pending default judgment motions.

On December 30, 2009, Magistrate Judge Wall issued his R&R. See Docket No. 25. Magistrate Judge Wall recommended that the Court enter a default judgment against each Defendant on the fraud, unjust enrichment and declaratory judgment claims. Magistrate Judge Wall also recommended that a judgment be entered against Mr. Cohan, but not the Corporate Defendants, on the RICO claim. Magistrate Judge Wall then recommended that the Court hold Defendants jointly and severally liable in the amount of $1,006,161.93 on the state law claims, plus $436,738.12 in prejudgment interest, and that it also hold Mr. Cohan liable for $3,018,485.79 in treble damages on the RICO claim. Finally, Magistrate Judge Wall recommended that the Court enter a declaratory judgment setting forth that Plaintiff has no obligation to pay Defendants' outstanding bills.

On January 5, 2010, Defendants filed a "motion to vacate the default judgment entered in this matter." Because no

3

default judgment has yet been entered, the Court construes this filing as both a motion to vacate the entry of default, and as objections to Magistrate Judge Wall's R&R. In this motion, Defendants essentially ask the Court to excuse their default and reset this litigation to square one.

On January 13, 2010, Plaintiff filed limited objections to Magistrate Judge Wall's R&R. Specifically, Plaintiff objected to Magistrate Judge Wall's finding that the Complaint "did not sufficiently allege that [the Corporate Defendants] were persons distinct from the alleged association-in-fact RICO enterprise." Pl. Object. at 2. In so objecting, Plaintiff also contests Magistrate Judge Wall's recommendation that the Court enter a default judgment on the RICO count against Dr. Cohan, but not the Corporate Defendants. Plaintiff asks the Court to also hold the Corporate Defendants liable under RICO.

## DISCUSSION

I. Standard of Review

Because Defendants have filed objections, the Court reviews the objected-to portions of Magistrate Judge Wall's R&R de novo. See Fed. R. Civ. P. 72(b)(3). In conducting this review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

Here, the dueling objections concern whether Magistrate Judge Wall should have entered a default judgment against the Defendants, and whether he should have also subjected the defaulting Corporate Defendants to RICO liability. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. The Court, however, "may set aside an entry of default for good cause." Good cause, in turn, depends upon: (1) the willfulness of the default; (2) the existence of a meritorious defense; and (3) the level of prejudice that the non-defaulting party may suffer should relief be granted. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001).

II. Defendants' Motion

    A. Defendants' Default Was Willful

The first prong of Rule 55's "good cause" standard asks if Defendants' default was willful. The Court finds that it was. By their own admission, Defendants received a copy of the Summons and Complaint on July 20, 2009, and quickly contacted their attorney. Cohan Nov. 6, 2009 Aff. ¶ 2. Thus, Defendants, while represented by counsel, had prompt notice of this action. Yet Defendants failed to respond to the Complaint in any way for more than five months. And Defendants did so

5

despite Plaintiff moving for a default, having the default entered, and filing a memorandum of law before Magistrate Judge Wall.  Indeed, to this date, Defendants have <u>still</u> not filed an Answer or dispositive motion.

Defendants do not adequately explain this failure to respond to the Complaint.  Rather, Defendants contend that they "were mislead [sic] into a false sense of security that either (1) there would be an extension of time to answer or otherwise move and (2) once the default was entered that it would be voluntarily removed by the plaintiff."  Def. Br. at 1-2.  But Defendants provide no facts to support their assertions.  At most, Defendants contend that the parties had a <u>single</u> settlement discussion in late-July that ended with no agreement.  Conway Decl. ¶ 3.  Defendants do not claim, much less evidence, that Plaintiff agreed to grant Defendants an extension of time at this conference.  And, in fact, Defendants did not even <u>appear</u> in this litigation until November, and never sought such an extension of time either by stipulation or from this Court.  For Defendants to "assume" that their participation in a single settlement conference indefinitely tolled their obligation to respond to the Complaint (without even the need to seek a formal extension) is absurd.

Likewise, Defendants also have set forth nothing to support their claim that Plaintiff "mislead" [sic] them into

thinking that Plaintiff would voluntarily rescind the default. At most, Defendants contend that they "made numerous requests" to Plaintiff to "have this default vacated." Conway Decl. ¶ 7. But Defendants do not claim that Plaintiff ever responded favorably to these requests, or otherwise indicated that it would agree to remove the default. And Plaintiff's actual course of conduct demonstrated Plaintiff's continuing clear intent to obtain a default judgment, such as when Plaintiff filed, on October 30, 2009, a memorandum of law supporting their pending default judgment motions.

It is true that willfulness "requires more than a showing of carelessness or negligence; the defaulting party must have engaged in deliberate or egregious conduct." Basile v. Wiggs, 08-CV-7549, 2009 WL 1561769, *5 (S.D.N.Y. 2009). But here, Defendants conduct amounted to far more than "carelessness or negligence." Defendants carefully watched Plaintiff's default judgment motions progress and neither opposed them nor made any effort to cure their default. Indeed, Defendants even appeared in this litigation and filed compliant Local Rule 7.1 statements. Only after Magistrate Judge Wall issued his R&R, and more than five months after Plaintiff moved for default, did Defendants decide to grace this Court with any indication that it opposed Plaintiff's Complaint and their own default. In light of these facts, Defendants' purported reliance upon the

mythical understandings they preposterously claim to believe they reached with Plaintiff goes far beyond simple "careless or negligence." It amounts to an abject disregard of their legal obligation to respond to Plaintiff's Complaint. Consequently, the Court finds that Defendants' conduct was willful.

> B. <u>Defendants Have Not Sufficiently Presented Any Meritorious Defenses</u>

In responding to Plaintiff's substantive allegations, Defendants have provided only two brief affidavits from Dr. Cohan. The Court does not credit Dr. Cohan's second affidavit, as Defendants improperly submitted it with their reply papers. <u>See</u> <u>Brewton v. City of New York</u>, 550 F. Supp. 2d 355, 361 (E.D.N.Y. 2008) (refusing to consider affidavit submitted on reply); <u>see also</u> <u>Shanks v. Village of Catskill Bd. of Trustees</u>, 653 F. Supp. 2d 158, 165 n.6 (N.D.N.Y. 2009) (because "it is inappropriate to consider new arguments in a reply brief . . . the court does not consider this argument"). And Dr. Cohan's first affidavit says only that he did not engage in "fraudulent or misrepresentative conduct" and that the statute of limitations may bar some of Plaintiff's claims. Cohan Nov. 6, 2009 Aff. at ¶¶ 6, 7. But simply saying "'I didn't do it,' is not a meritorious defense." <u>S.E.C. v. Breed</u>, 01-CV-7798, 2004 WL 1824358, *12 (S.D.N.Y. 2004). And, to establish the statute of limitations as a meritorious defense, a party must

"present some evidence beyond conclusory denials" to support its application.  U.S. v. Thompson, 06-CV-6341, 2007 WL 4276862, *1 (E.D.N.Y. 2007).  Here, Dr. Cohan's affidavit does not explain what claims the limitations period would preclude, nor does it consider whether equitable tolling or the discovery rule would negate a statute of limitations defense.  Thus, the affidavit fails to establish any meritorious defenses.  So this factor also tips in Plaintiff's favor.

    C.    If Excused, Defendants' Default Would Prejudice Plaintiff

Finally, if excused, Defendants' default would prejudice Plaintiff.  Defendants should have filed an Answer or a motion to dismiss last August.  It is now March.  And Plaintiff has expended considerable attorneys' fees litigating its default judgment motions.  When combined with the lengthy delay Defendants' default has caused, Plaintiff's needlessly expended attorneys' fees suffice to constitute prejudice.  See Stuart v. Kempthorne, 99-CV-8163, 2007 WL 2071605, *34 (E.D.N.Y. 2007) (delays combined with increased litigation costs can constitute prejudice); In re Futterman, 99-CV-8793, 2001 WL 282716, *4 (S.D.N.Y. 2001) (same).

Consequently, Defendants' motion is DENIED.

III. Plaintiff's Motion

Plaintiff's objections ask the Court to overrule Magistrate Judge Wall's finding that the Complaint "did not sufficiently allege that [the Corporate Defendants] were persons distinct from the alleged association-in-fact RICO enterprise." Pl. Object. at 2. In so asking, Plaintiff requests that the Court hold the Corporate Defendants liable on the RICO count.

The Court OVERRULES this objection. Magistrate Judge Wall correctly found that, based on the Complaint's own allegations, the Corporate Defendants were not distinct from the alleged association-in-fact enterprise. The Complaint itself contends that the Corporate Defendants "were actually created for the sole purpose" of perpetrating the scheme. Compl. ¶ 2 (emphasis supplied). Specifically, the Complaint alleges that Dr. Cohan created the Corporate Defendants as separate legal entities "in order to reduce the number of bills submitted under any one individual corporate name, in an attempt to avoid attracting the attention and scrutiny of State Farm and other insurers." Id. at ¶ 87. And the Complaint further alleges that Dr. Cohan "acted as the owner, sole shareholder, director and officer" of each Corporate Defendant. Id.

Taking these allegations as true, the Complaint does not allege that the Corporate Defendants were "active, operating businesses." Securitron Magnalock Corp. v. Schnabolk, 65 F.3d

10

256, 263 (2d Cir. 1995). Rather, the Complaint effectively alleges that the Corporate Defendants were nothing more than "stacks of stationary" used to perpetrate Dr. Cohan's scheme. Id. (defendant corporations formed an association-in-fact enterprise because, in contrast to this case, those corporations were actual businesses). And, consequently, the Complaint fails to plead that the Corporate Defendants were sufficiently distinct from the RICO enterprise itself. See Sluka v. Estate of Herink, 94-CV-4999, 1996 WL 612462, *6 (E.D.N.Y. 1996) (corporations that were "merely alter egos of one another" were not distinct from the alleged enterprise).

## CONCLUSION

Defendants' motion to vacate the default is DENIED. Plaintiff's objections to Magistrate Judge Wall's R&R are OVERRULED. Magistrate Judge Wall's R&R is adopted in its entirety.

A default judgment is entered against each Defendant on Counts I, III and IV of the Complaint. A default judgment is entered against Dr. Cohan, but not the Corporate Defendants, on Count II of the Complaint. Under Count I, Plaintiff is entitled to a declaratory judgment stating that State Farm is not obligated to pay any of Defendants' outstanding claims against it. Under Count II, Plaintiff is entitled to $3,018,485.79 in RICO treble damages from Dr. Cohan. Under Counts III and IV,

11

Plaintiff is entitled to $1,006,161.93 in damages and $436,738.12 in prejudgment interest, and Defendants are jointly and severally liable in these amounts.

The Clerk of the Court is Ordered to mark this matter as closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
March   8  , 2010