UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Plaintiff,      MEMORANDUM & ORDER
                                        09-CV-2990 (JS)

    -against-

BARRY COHAN, D.D.S., DENTAL HEALTH
CARE, P.C., NEW YORK DENTAL PAIN, P.C.,
and LONG ISLAND DENTAL PAIN, P.C.,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Barry I. Levy, Esq.
                  Max Saulter Gershenoff, Esq.
                  Michael A. Sirignano, Esq.
                  Rivkin Radler LLP
                  926 RXR Plaza
                  Uniondale, NY 11556-0926

For Defendants:    Matthew J. Conroy, Esq.
                  Maria Campese Diglio, Esq.
                  Matthew J. Conroy & Associates, P.C.
                  350 Old Country Road, Suite 106
                  Garden City, NY 11530

SEYBERT, District Judge:

        Plaintiff State Farm Mutual Insurance Company ("State Farm") sued Barry Cohan, D.D.S., and three professional corporations he controls (collectively, the "Corporate Defendants"), alleging that the Defendants defrauded State Farm by submitting hundreds of bills for medically useless dental and physical therapy services. On March 8, 2010, the Court granted Plaintiff a default judgment awarding it, among other things, $1,006,161.93 in damages and $436,738.12 in pre-judgment

interest jointly and severally against all the Defendants, and $3,018,485.79 in RICO treble damages against Dr. Cohan. Defendants now move to stay enforcement of that judgment pending appeal. For the foregoing reasons, that motion is DENIED.

## DISCUSSION

FED. R. CIV. P. 62(d) provides that, if an appeal is taken, the appellants can stay enforcement of the district court's judgment by posting a supersedeas bond. Here, however, the Defendants seek a stay without posting a supersedeas bond. The Court has the discretionary power to grant such a stay. See Marcoux v. Farm Serv. & Supplies, Inc., 290 F. Supp. 2d 457, 485 (S.D.N.Y. 2003). In evaluating whether to exercise this discretion, a court considers (1) whether movants are likely to prevail on the merits of their appeal; (2) whether, without a stay, movants will be irreparably injured; (3) whether issuance of a stay will substantially harm other parties interested in the proceedings; and (4) where the public interest lies. See De la Fuente v. DCI Telecomms., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) (citing Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). To that end, "[t]he party seeking the stay without a bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." Id.

Here, Defendants ask the Court to impose a stay because Defendants cannot obtain a supersedeas bond sufficient to cover the judgment, and will agree to an order restraining them from transferring or encumbering any of their assets. Thus, they argue, failing to grant a stay will irreparably injure them (the second factor) while not harming Plaintiff (the third factor).

The Court disagrees. First, Defendants willfully defaulted, leading to the Court imposing a default judgment against them. So, not only are Defendants not "likely" to prevail on the merits, but any such appeal would not be taken in good faith. Thus, the first factor heavily tips against granting Defendants their requested stay. Second, because Defendants have little chance on appeal, failing to grant Defendants' requested stay will not substantively prejudice them. It follows then that the second factor also tips against Defendants. Considering these factors, especially the first factor, the Court finds that no stay is warranted.

Defendants' motion is therefore DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
May 4, 2010