UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Plaintiff(s),      **REPORT AND**
                  **RECOMMENDATION**
  -against-          CV 09-2990 (JS) (WDW)

BARRY COHAN, DENTAL HEALTH CARE, P.C.,
NEW YORK DENTAL PAIN, P.C., and
LONG ISLAND DENTAL PAIN, P.C.,

       Defendant(s).
----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

  The purpose of this Report and Recommendation is to certify the facts underlying the misbehavior of the defendants and to recommend that they appear before District Judge Seybert on a date certain to be set by Judge Seybert, to show cause why they should not be adjudged in contempt of the post-judgment discovery subpoenas served by the plaintiff and the order issued by me on May 14, 2010, by reason of these certified facts.

  I further recommend that if they do not fully comply by July 30, they should be subjected to daily fines, starting on July 31, in the amount of $25,000 payable on that date, and doubling each day after that until the order is fully complied with.  Because there is a crucial time element here - defendant Barry Cohan, who is in control of the documents to be produced and who must appear for a deposition, must report to prison on or about August 9, 2010- **the time to oppose this recommendation is shortened to 48 hours from the time of docketing - approximately 2:00 p.m. on July 28, 2010**, and I respectfully recommend that the hearing before Judge Seybert take place as soon as her calendar allows.  By separate order of this date, the defendants have also been found in contempt pursuant to Rule 37 and ordered to pay expenses under that Rule.

**THE APPLICABLE LAW:**

The contempt power of a federal magistrate judge is set out in 28 U.S.C. §636(e). Here, the relevant section is 636(e)(6), which provides, *inter alia,* that, under the circumstances of this matter, "the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." When the facts have been certified, the "district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

Under the certification process, the magistrate judge may conduct a hearing, but he or she functions only to certify the facts and not to issue an order of contempt.[1] *Hunter TBA, Inc. v. Triple v. Sales*, 250 F.R.D. 116, 118 (citations omitted). In certifying the facts under section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Id.* (citations and internal quotation marks omitted). Upon certification of the facts supporting a finding of contempt, the district court must then conduct a de novo hearing at which issues of fact and credibility

---

[1] If contemptuous behavior occurs within the presence of a magistrate judge, or in a case on consent, he or she has the power to issue an order of contempt directly. It is unclear in the caselaw whether the circumstances of this case, in which the defendants have failed to comply with my order, constitutes behavior within or without my presence. The more prudent course is thus to certify the facts to the District Judge.

determinations are made.  *Id.*

It is well established that "the power to punish for contempts is inherent in all courts." *Bowens v. Atlantic Maintenance Corp.,* 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008) (citations omitted).  "The underlying concern is 'disobedience to the orders of the [j]udiciary,' not 'merely the disruption of court proceedings.'" *Id.* (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (additional citations omitted).  Thus, an individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions.  *Id.* (citing *United States v. Petito,* 671 F.2d 68, 72 (2d Cir. 1982) (additional citations omitted).  "Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's orders or to compensate the complaining party for losses incurred as a result of the contemnor's conduct." *Id.* (citing *Hess v. New Jersey Transit Rail Operations, Inc.,* 846 F.2d 114, 115 (2d Cir. 1988) (additional citations omitted).

Here, the goal is to coerce the defendants into compliance with the subpoenas, and an order of civil contempt is indicated.  An order of civil contempt may issue pursuant to 18 U.S.C. §401, which authorizes the court to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "misbehavior of any person in the court's presence or so near thereto as to obstruct the administration of justice," or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."   Three elements must be established before a party can be held in civil contempt: (1) there must be an order that is clear and unambiguous; (2) the proof of non-compliance with that order must be clear and convincing; and (3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered.  *Hunter TBA,* 250 F.R.D. at 119 (citations and

internal quotation marks omitted). Because the order sought here is one for civil contempt, there is no requirement that the court find willfulness on the part of the contemnor. *Id.* at 119 n.5 (citing *Canterbury Belts Ltd. v. Lande Walker Rudkin, Ltd.,* 869 F.2d 34, 39 (2d Cir. 1989)).

**CERTIFICATION OF FACTS:**

I, Magistrate Judge William D. Wall, certify the following facts:

On March 10, 2010, a default judgment was entered against all defendants in this action, awarding substantial damages. On March 24, the plaintiff, State Farm, served subpoenas in aid of post-judgment discovery. The defendants did not object and agreed to produce documents by April 16 and appear for depositions on April 23 and 26. They did not, however, comply or appear on those dates. On April 28, the plaintiff made a motion to compel, which I granted on May 14, ordering the defendants to comply with the discovery demands. Following the May 14 order, the plaintiff made repeated efforts to obtain compliance, to no avail. On July 20, the plaintiff filed a motion asking that the defendants be ordered to show cause at a hearing why they should not be found in contempt and sanctioned for failing to comply with my order compelling their compliance with the post-judgment discovery demands. That motion was granted, and a show cause hearing was held on July 27, 2010. At the hearing, defense counsel noted that some documents had been produced, but it was clear that the bulk of the discovery has not been produced and no viable date has been set for Dr. Cohan's deposition. The defendants were given until July 30 to fully comply or face the sanctions recommended herein.

**ANALYSIS**

Turning to the three elements necessary to the issuance of an order of contempt, I find

that the Subpoena Ad Testificandum and Subpoena Duces Tecum served on Dr. Cohan and the Subpoenas Duces Tecum served on the corporate defendants to appear and produce evidence were "clear and unambiguous." *See* DE[50], Sirignano Decl., Ex. A.  The same is true of this court's order of May 14, 2010 (DE[47]).  That order clearly stated that the defendants must comply with the subpoenas.  Thus, the first element necessary to certify a contempt is established.

Proof of non-compliance must be clear and convincing.  In their late-filed opposition to the order to show cause motion, the defendants stated that "there is no question that the defendants failed to comply with production within the agreed to dates." DE[55], ¶9.  Although the defendants also stated that they had, by July 27, made "substantial production," I find that they have made only minimal production, and that the second element is also established.

With respect to the third element - whether the alleged contemnor has been diligent in attempting to comply with the court's order, it is clear that no diligent effort to comply has been made.  Thus, the third and last element is established.

**RECOMMENDATIONS**

Given these facts and findings, I respectfully recommend that an order issue holding the defendants in civil contempt for their failure to comply with the subpoenas and with my order of May 14.  Appropriate sanctions should include daily fines starting on July 31 in the amount of $25,000 and doubling each day until the subpoenas are complied with, and payment to the plaintiff, State Farm, of all reasonable attorneys' fees and costs associated with the unnecessarily protracted process of obtaining compliance with the subpoenas.  By separate order of this date, the defendants have been found in contempt pursuant to Rule 37 and ordered to pay expenses

under that Rule.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties normally would have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e).  However, given the circumstances involved here, **counsel are on notice that they have 48 hours to file any objections**. Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Seybert. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York

      July 28, 2010

                                             /s/ William D. Wall
                                            WILLIAM D. WALL
                                            United States Magistrate Judge