UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
 INSURANCE COMPANY,

                             Plaintiff(s),          **ORDER**
                                                                  CV 09-2990 (JS)(WDW)

       -against-
BARRY COHAN, DENTAL HEALTH CARE, P.C.,
NEW YORK DENTAL PAIN, P.C., and
LONG ISLAND DENTAL PAIN, P.C.,
                             Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

On July 20, the plaintiff moved by Order to Show Cause for Sanctions and To Hold Defendants in Contempt. DE[52]. By this order, the defendants are found to be in contempt under Rule 37 and are ordered to pay the plaintiff's attorney's fees and all costs in connection with the current motion, the earlier motion to compel, and the Show Cause Hearing held on July 27, 2010. Further, a Report and Recommendation will be made to Judge Seybert, certifying the facts for a finding of contempt under 28 U.S.C. §636(e), recommending fines of $25,000 per day, to double every day that the defendants fail to comply with my order regarding post-judgment discovery.

On March 10, 2010, a default judgment was entered against all defendants in this action, awarding substantial damages. On March 24, the plaintiff, State Farm, served subpoenas in aid of post-judgment discovery. The defendants did not object and agreed to produce documents by April 16 and appear for depositions on April 23 and 26. They did not, however, comply or appear on those dates. On April 28, the plaintiff made a motion to compel, which I granted on May 14, ordering the defendants to comply with the discovery demands. Following the May 14 order, the plaintiff reports that it made repeated efforts to obtain compliance, to no avail. The

instant motion followed, seeking the imposition of sanctions and a finding of contempt.

Under Rule 37(b)(2)(A)(vii) & (C), this court can make a finding of contempt based on the defendants' failure to obey the earlier discovery order, and impose monetary sanctions in the form of reasonable expenses.[1] Rule 37 "affords the court 'broad discretion in fashioning an appropriate sanction.'" *Linde v. Arab Bank, PLC,* 2010 WL 2803031, *6 (E.D.N.Y. July 12, 2010)(quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 101 (2d Cir. 2002)). Ultimately, discovery sanctions should, as far as possible, "'restor[e] the prejudiced party to the same position [it] would have been in absent the wrongful [withholding] of evidence by the opposing party.'" *Id.* (quoting *Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir. 1998)). In assessing sanctions, the court is guided by the threefold purpose of sanctions as articulated by the Second Circuit: (1) to ensure that a party will not benefit from its own failure to comply with court orders; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well. *See Overton v. Ameriquest,* 2006 WL 2504404, **3-4 (E.D.N.Y. Aug. 28, 2006)(citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir. 1979)).

Here, the defendants have already defaulted, and the more severe sanctions under Rule 37- for example, striking answers or directing adverse inferences - are not available. The only viable Rule 37 options are a finding of contempt and monetary sanctions in the form of expenses. It is unclear both on the face of Rule 37 and in the relevant caselaw as to whether the court can impose monetary sanctions beyond expenses in connection with a finding of contempt pursuant

---

[1] To the extent that Local Civil Rule 83.9 is implicated on this motion, I find that the plaintiff's papers satisfy its requirements.

to that Rule. Because I feel strongly that such sanctions are warranted, the more prudent course is to award expenses under Rule 37 and to make a recommendation to Judge Seybert that the defendants be held in civil contempt and be fined accordingly if they fail to comply with the discovery demands by Friday, July 30. That recommendation will be made by separate entry.

By this order, I find that the defendants are in contempt under Rule 37 and they are ordered, once again, to comply with the discovery demands by July 30 and to pay all of the plaintiff's expenses incurred in connection with this motion, the earlier motion, and the order to show cause hearing. The plaintiff shall submit its application for attorneys' fees by August 13, 2010. Opposition to the application shall be filed by August 20, and a reply, if one is necessary, by August 27.

Dated: Central Islip, New York
      May 14, 2010

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge