

10-1361-cv
State Farm Mut. Auto. Ins. Co. v. Cohan et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
           RICHARD C. WESLEY
           GERARD E. LYNCH,
                       *Circuit Judges*

------------------------------------------------------------------

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,
                       *Appellee*,

           v.                                              No. 10-1361-cv

BARRY COHAN, D.D.S. et al.,
                       *Defendants-Appellants.*

------------------------------------------------------------------

FOR APPELLANT:    MATHEW J. CONROY, Mathew J. Conroy & Associates, Garden City, New York.

FOR APPELLEE:     CHERYL F. KORMAN (Evan H. Krinick and Barry I. Levy, *on the brief*), Rivkin Radler, LLP, Uniondale, New York.

Appeal from the United States District Court for the Eastern District of New York (Joanna Seybert, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the district court is AFFIRMED.

Defendants appeal an order of the district court denying their motion under Federal Rule of Civil Procedure 55(c) to set aside an entry of default in an action to recover fraudulently obtained insurance reimbursements. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge." Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984). "Because the trial judge is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties, a reviewing court will defer to his decision unless it is clearly wrong." Id., quoting Davis v. Musler, 713 F.2d 907, 912 (2d Cir.1983) (internal quotation marks omitted).

Rule 55(c) authorizes the district court to set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). Although the rule does not define "good cause," we have advised district courts to consider three factors in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

The district court's determination that a default was willful is a factual conclusion that we may disturb only if we find that it was clearly erroneous. New York v. Green, 420 F.3d 99, 105 (2d Cir. 2005). Here, the district court had ample basis to conclude that defendants' failure to answer the complaint was deliberate. It is undisputed that, despite

receiving timely notice of the suit, defendants did not enter an appearance in the district court until nearly four months later. In the meantime, the clerk entered a notice of default, and the court referred the case to a magistrate judge for a determination of whether to award a default judgment and damages. Even after entering their appearance in the district court, defendants failed to answer the complaint or to oppose State Farm's motion for a default judgment before the magistrate. Defendants suggest that State Farm led them to believe that no responsive pleading was necessary because the case would be resolved informally. The district court was not required to credit that claim. The parties only discussed settlement on one occasion, and State Farm consistently pursued a default judgment. We cannot say on these facts that the district court committed error in finding that the default was willful.

Defendants also contend that the district court gave insufficient weight to their meritorious defenses. In an affidavit that accompanied defendants' motion to set aside the default, Barry Cohan maintained that each procedure for which he sought reimbursement "was medically necessary and in no way fraudulent or misrepresentative in any way of what I actually performed, what I billed for it or whether it was necessary." The affidavit also asserted that the statute of limitations on "the vast majority of the claims at issue . . . must have expired by law years ago."

In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense.

See Enron Oil Corp., 10 F.3d at 98. We agree with the district court that the defendants failed to meet this hurdle with respect to either of the defenses they raised in their Rule 55(c) motion.

Cohan's assertion that he did not commit fraud was nothing more than a general denial of the allegations in the complaint. Recognizing this, perhaps, defendants attempted to supplement their motion with a second affidavit, filed for the first time with their reply papers, that elaborated on their substantive defenses. The district court properly excluded this affidavit as belated, and we do not consider it here. See, e.g., Brewton v. City of New York, 550 F. Supp. 2d 355, 361 n.5 (E.D.N.Y. 2008). As we have noted elsewhere, a defendant "must present more than conclusory denials when attempting to show the existence of a meritorious defense." Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001). Because defendants failed to satisfy this standard, the district court was not required to take account of their denials when ruling on the Rule 55(c) motion.

Defendants' claim that the statute of limitations favors setting aside the default is equally unavailing. The Cohan affidavit does not assert that all of State Farm's claims are time barred, but merely that "the vast majority" of them are. As the district court noted, the affidavit does not identify the claims to which a statute-of-limitations defense might be applicable, nor does it consider whether exceptions to the normal limitations period—such as equitable tolling or the discovery rule—would apply in this case. The district court was therefore free to conclude that defendants' half-hearted reliance on the

statute of limitations did not amount to a complete and meritorious defense.

Thefinal factor that a court must consider in determining whether to set aside a default is the potential that doing so would result in prejudice to the non-defaulting party. The district court found that State Farm had expended considerable time and resources litigating its motion for a default judgment and that to set aside the default would prejudice it. We acknowledge that, in certain contexts, court costs and counsel fees incurred by a party seeking a default judgment may not be sufficient to constitute prejudice. See, e.g., Pecarsky, 249 F.3d at 174 (rejecting a claim of prejudice where the delay was just over one month). But in this case, given the length of the delay and the presence of other factors that weighed against defendants' Rule 55 motion, we think that it was well within the district court's discretion to uphold the default.

. Finally, we note that although defendants' briefs are replete with references to Federal Rule of Civil Procedure 60(b), which governs motions to vacate a judgment, we have analyzed their claims under Rule 55(c)'s more forgiving standard for setting aside an administrative default. See Green, 420 F.3d at 109 ("[A] default may be vacated for 'good cause shown,' a less rigorous standard than applies under Rule 60(b)."). To the extent that defendants now invoke Rule 60(b) to challenge the district court's entry of a default judgment, their failure to make that argument in the district court constitutes waiver. As a general rule, we will not entertain an argument raised for the first time on appeal. See, e.g., Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 106 (2d Cir. 2005). In any event, our conclusion that defendants' Rule 55(c) claim lacks merit would compel

1  us to conclude that the district court had authority to enter a judgment of default.

2  We have considered defendants' remaining arguments and find them to be without

3  merit.

4  For the reasons stated above, we AFFIRM the judgment of the District Court.

5

6

7
8  FOR THE COURT:
9  Catherine O'Hagan Wolfe, Clerk of Court
10
11

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6